**Victor TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–95–00939–CR.**

Court of Appeals of Texas, San Antonio.

March 31, 1998.

---

Edward A. Bartolomei, Law Offices of Edward A. Bartolomei, San Antonio, for Appellant.

Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before ALMA L. LÓPEZ and SARAH B. DUNCAN, JJ., and CHARLES F. CAMPBELL, Former Judge.[1]

## OPINION

CHARLES F. CAMPBELL, Former Judge (Assigned).

■ Appellant was indicted for the first degree felony offense of intentional injury to a child resulting in serious bodily injury. *See* TEX. PEN. CODE ANN. § 22.04(a)(1) (Vernon 1994). After a plea of not guilty, the case proceeded to trial before a jury. The jury found Appellant guilty of the lesser included offense of reckless injury to a child [2] and assessed his punishment at four years confinement in the Texas Department of Criminal Justice, Institutional Division and a fine of $5000. In this appeal, Appellant brings fourteen points of error. We will affirm.

In his first three points of error, Appellant essentially challenges the legal sufficiency of the evidence to support the conviction for the lesser included offense of reckless injury to a child. Appellant groups the first three points of error together in his brief and arguments to the court, so we will consider them as one. Because of a threshold question presented by the State's reply brief, however, only a brief summary of the facts is necessary.

Viewed in a light most favorable to the jury's verdict,[3] the evidence shows that Appellant was the only adult present with the eighteen-month-old victim when the fatal injury occurred. There was evidence presented that Appellant had a history of abusing the child; that he told conflicting stories about how the child was injured; that the victim's severe injuries that resulted in death were the result of intentionally inflicted trauma, not the result of the accident portrayed by appellant; and that after the death of the

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas.

2. Reckless injury to a child is a lesser included offense of intentional or knowing injury to a

child, and is a second degree felony. *See* TEX. PEN. CODE 22.04(e).

3. Appellant does not challenge the factual sufficiency of the evidence.

victim, Appellant fled and was a fugitive for eighteen months.

█ In its reply brief, the State raises a threshold issue with regard to Appellant's current challenge to the sufficiency of the evidence. The State argues that since Appellant requested that the trial court include in its charge to the jury the lesser included offense of reckless injury to a child, the Appellant cannot now complain of the sufficiency of the evidence to support a conviction for that lesser included charge. We agree.

### Applicable Law

In *State v. Lee,* 818 S.W.2d 778 (Tex.Crim. App.1991), a murder case, the defendant requested and received from the trial court a charge on the lesser included offense of voluntary manslaughter. After the jury convicted the defendant of voluntary manslaughter, the defendant complained on appeal that the evidence was insufficient to support a conviction for voluntary manslaughter. *Id.* at 780. The Texas Court of Criminal Appeals held that, because the defendant invoked the benefit of the lesser included offense charge at trial, by not objecting to its submission to the jury and in fact requesting that the lesser included charge be included, the defendant was estopped from complaining on appeal that the evidence failed to establish all the elements of that lesser offense. *Id. at* 781; *see also State v. Yount,* 853 S.W.2d 6, 9 (Tex.Crim.App.1993).

### Application of Law to Facts

In the instant case, as in *Lee,* Appellant affirmatively requested and got a charge on the lesser included offense of reckless injury to a child and, in fact, the jury convicted Appellant of that lesser included offense. He cannot now be heard to complain of the legal sufficiency of the evidence to support the conviction for that lesser included offense.

Points of error one, two, and three are overruled.

█ In points of error four and five, Appellant complains that it was error for the trial court to permit extraneous conduct visited by Appellant on the victim to be admitted into evidence because, in his words, "it retroactively imposed harsher sanctions at trial for a crime that was in effect at the time of its commission." Basically Appellant is arguing that the retrospective application of article 38.37 of the Texas Code of Criminal Procedure to his case constitutes an ex post facto law and is unconstitutional.[4] As a threshold matter, the State observes in its reply brief that there are no record references to support Appellant's argument. We agree.

### Applicable Law

The Texas Rules of Appellate Procedure require that an appellant must direct an appellate court to the specific portion of the record supporting the complained-of error. TEX. R. APP. P. 38.1(d), (h); *see Lape v. State,* 893 S.W.2d 949, 953–54 (Tex.App.— Houston [14th Dist.] 1994, pet. ref'd); *Huerta v. State,* 933 S.W.2d 648, 650 (Tex.App.— San Antonio 1996, no pet.).

### Application of Law to Facts

Appellant does not include a single record citation in his argument under these two points. He does not identify where in the record the State offered the evidence of prior bad acts that he now complains of. The statement of facts in this case consists of approximately 1500 pages of testimony. We have no duty to search the record to find reversible error. Nothing is preserved for review if the appellant does not direct the court to the proper place in the record where we may find the complained-of error. *Lape,* 893 S.W.2d at 953–54. Points of error four and five are overruled.

4. In pertinent part, section two of article 38.37 provides that
 evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:

 1) the state of mind of the defendant and the child; and
 2) the previous and subsequent relationship between the defendant and the child.
 TEX. CODE CRIM. PROC. ANN. 38.37.

■ In point of error six, in an argument far from a paradigm of clarity, appellant complains that the trial court failed to perform a balancing test for extraneous conduct admitted into evidence pursuant to Rule 403 of the Texas Rules of Criminal Evidence. However, Appellant never identifies the conduct of which he complains, nor points out in what way the evidence is prejudicial. This failure to identify the prejudice under Rule 403 constitutes inadequate briefing. *See* TEX. R. APP. P. 38.1(h); *see also Williams v. State,* 937 S.W.2d 479, 487 (Tex.Crim.App. 1996). Point of error six is overruled.

■ In his seventh point of error, Appellant complains of a videotape admitted in evidence at the punishment phase of the trial showing Appellant committing the offense of theft at a military base exchange. This alleged theft took place after the commission of the crime for which appellant was found guilty. Appellant argues that article 38.37 of the Texas Code of Criminal Procedure [5] does not apply to his case because the statute was meant to apply to offenses committed after September 1, 1995, ruling out application to his case. We agree that article 38.37 does not apply, but for a different reason. It seems obvious that article 38.37 was intended to apply to the guilt phase of a trial, rather than the punishment phase. Section 4 of article 38.37 provides: "This article does not limit the admissibility of evidence of extraneous crimes, wrongs, or acts under any other applicable law." *Id.* One of the "other applicable laws" obviously contemplated in section 4 is Section 3(a) of article 37.07, a provision that clearly is applicable only to the punishment phase of a trial. That section provides, in pertinent part that

> evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing ... and ... any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant, ... regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. art. 37.07(3)(a) (Vernon 1994).

It is clear then that this theft offense introduced by the State at the punishment phase of the trial was admissible under article 37.07(3)(a), and that article 38.37, to which Appellant devotes his argument, is simply not applicable to the instant case. There being no argument or showing that the trial court abused its discretion in allowing this evidence, *see Ford v. State,* 919 S.W.2d 107, 115 (Tex.Crim.App.1996), no error is shown. Appellant's seventh point of error is overruled.

■ In his eighth point of error, Appellant claims that he was denied the right to effectively confront and cross examine his ex-wife, Merritt Maynard, the mother of the victim in this case. Appellant alleges that he was not allowed to inquire into an agreement reached between Maynard and the Texas Department of Human Services whereby Maynard would have "charges" against her dropped in return for her giving an affidavit concerning her knowledge of the case. As the State correctly notes, however, the prosecutor's objections at trial to Appellant's attempt to cross-examine Maynard about Maynard making such a statement were sustained by the trial court. The document Appellant now refers to in his brief as being a written agreement between Maynard and the Texas Department of Human Services, referred to by Appellant as "defendant's exhibit 22 for identification," was never introduced into evidence or proffered in any manner by Appellant for the record. Moreover, Appellant never questioned Maynard outside the presence of the jury as to the contents of "exhibit 22." We have examined the Statement of Facts and Exhibits attached thereto and find that "exhibit 22" does not exist in the record. In the absence of any of the foregoing steps, Appellant has failed to preserve his contention for review. *See Williams v. State,* 936 S.W.2d 399, 404 (Tex.App.—Fort Worth 1996, pet. ref'd). Point of error eight is overruled.

■ In points of error nine and ten, Appellant complains of remarks made by the prosecutor in final summation. Specifically,

5. *See supra* n. 4.

in point nine, Appellant complains of the following:

> STATE: This defendant engaged in a pattern of tormenting these children. The entire time he lived in that house. And I think we can all see that he liked to have a real good time and that's okay.—Nobody has a problem with that. But you know what he didn't like? He didn't like having to raise those children that weren't his. He didn't like—

Appellant interposed an objection to this argument that it was outside the evidence presented in the case. The trial court overruled the objection and allowed the argument to stand. On appeal, Appellant argues that this final summation by the prosecutor constituted an expression of opinion by the prosecutor and was therefore improper. The State argues in its reply brief that the argument was a reasonable deduction from the evidence. We agree with the State.

### Applicable Law

 Proper jury argument must fall within one of four general categories: "1) summation of evidence; 2) reasonable deduction from the evidence; 3) answer to argument of opposing counsel; and 4) a plea for law enforcement." *De Los Santos v. State*, 918 S.W.2d 565, 569 (Tex.App.—San Antonio 1996, no pet.) (citations omitted). "It [is] improper for the prosecutor to convey [his or] her own beliefs about the facts because [t]here is a danger that the jury might infer that counsel's beliefs are based upon some outside fact or knowledge." *Id.* at 573, (citing *Wyatt v. State*, 566 S.W.2d 597, 604 (Tex. Crim.App.1978)).

### Application of Law to Facts

The testimony in the case, viewed in a light most favorable to the verdict, revealed that Appellant stayed with the victim and another of Maynard's children during the day because he did not work at the time in question. Appellant apparently got along with the children prior to his marriage to Maynard, but after the marriage witnesses noticed a marked change in his attitude toward the children. In fact, a maid noted that Appellant did abuse one or both the children

in this post-marital period of time during which the victim ultimately was injured. The argument of the prosecutor was thus a reasonable deduction from Appellant's noted relationship with the children. Point of error nine is overruled.

 In point of error ten, Appellant again claims prosecutorial misconduct in the following remarks made during the State's final argument:

> STATE: Don't you know if they had one single doctor that could tell you differently, if there was one single—
>
> DEFENDANT: That's shifting the burden. That's impermissible argument. That's not correct judge. That is a shift of the burden and that is not correct. The burden is on the State.
>
> COURT: Ladies and gentleman of the jury, it's up to the State to prove the defendant's guilt. It's not up to the defendant.
>
> DEFENDANT: And I would move for a mistrial for the record.
>
> COURT: Overruled.
>
> STATE: Don't you know they would have presented that testimony to you?
>
> DEFENDANT: That's twice.
>
> COURT: Ladies and gentleman of the jury its up to the State to prove the defendant's guilt. The defendant does not have to do anything.

Appellant argues that this summation by the State improperly attempted to shift the burden of proof from the State to Appellant, challenging the fact that Appellant did not produce any medical or expert testimony on his own behalf. Appellant principally relies on *Holliman v. State*, 879 S.W.2d 85 (Tex. App.—Houston [14th Dist.] 1994, no pet.), for his contention that the State in this case attempted to shift the burden of proof. In *Holliman*, however, the prosecutor attempted to improperly introduce the specter of illegal drug dealing by the defendant as an explanation for a number of scenarios involving the defendant. *Id.* at 87. There was absolutely no evidence in that case of any such dealings by the defendant, *id.* at 88, so the prosecutor in that case improperly inserted into the argument facts that simply were

not in evidence. We find that *Holliman* is simply not on point and not dispositive of the issue.

### Application of Law to Facts

 We believe that the prosecutor's argument was a proper response to Appellant's final summation, whereby appellant continually attacked the opinions of the State's medical experts in their assessment of the victim's injuries. Appellant challenged the State's doctors for failing to examine the child and failure to be familiar with the evidence or Appellant's scenario of how the incident occurred. The prosecutor's argument was in response to this attack by Appellant and, as such, was proper. Even assuming *arguendo* the State's summation was improper, harm from an erroneous jury argument usually is cured when an objection is sustained and the jury is instructed to disregard the argument "unless the remarks are so inflammatory that their prejudicial effect cannot reasonably be removed by such an admonition." *Chandler v. State*, 689 S.W.2d 332, 335 (Tex.App.—Fort Worth 1985, pet. ref'd) (citing *Thomas v. State*, 578 S.W.2d 691, 695 (Tex.Crim.App.1979)). The prosecutor's remark, even if deemed error, was not so inflammatory that it could not be cured by the admonition of the trial court to the effect that the burden was on the State to prove its case and that Appellant had to prove nothing. Point of error ten is overruled.

 In point of error eleven, Appellant seems to complain of an erroneous jury charge given to the jury by the trial court. But his argument is far from clear. Other than an oblique reference to a quote from *Haggins v. State*, 785 S.W.2d 827, 827–28 (Tex.Crim.App.1990), which is contained within the body of *Cook v. State*, 884 S.W.2d 485, 488 (Tex.Crim.App.1994), Appellant advances no argument as to why the charge in the instant case is erroneous, nor does he

discuss any quantum of harm to Appellant that might have resulted from this alleged error.[6] Although the State in its reply brief charitably attempts to discern an argument on Appellant's behalf, we are uncertain if this attempt truly addresses whatever complaint Appellant intended to advance. Thus this court is left to guess as to the precise nature of Appellant's complaint. As an appellate court, it is not our obligation to search the record and Appellant's brief with a microscope in an attempt to fathom his complaint. Under the circumstances, we consider Appellant's point eleven to be so inadequately briefed that it presents nothing for review. *See* TEX. R. APP. P. 38.1(h). We overrule point of error eleven.

 In point of error twelve, Appellant claims that the trial court erroneously refused to charge the jury on Appellant's requested instruction on the defense of accident.[7] Appellant requested the following instruction on the "defense" of accident:

> If after having considered all the evidence presented in this case you find that the Defendant did not intentionally, knowingly, recklessly, or negligently cause serious bodily injury to the child and that the injury sustained to the child was the result of an accident, then you will find the Defendant not guilty.

The trial court refused to give it. Appellant assigns this refusal as error in this particular point.

### Applicable Law

 "[A]n accused is entitled to an affirmative instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may ... think about the credibility of the defense." *Valenzuela v. State*, 943

---

**6.** Indeed, in the instant case there was no objection to the court's charge containing the abstract definitions of law, while in both *Haggins* and *Cook* there were timely and specific objections to the portion of the charge at issue in both of those cases.

**7.** Appellant commingles his argument concerning a charge on accident with a claim that the

trial court refused to give him converse charges on the lesser included offenses of reckless injury to a child and criminally negligent injury to a child. He cites no authority whatsoever for these requested charges and therefore nothing is presented for review as to the denial of those requested charges. *See* TEX. R. APP. P. 38.1(h).

S.W.2d 130, 131 (Tex.App.—Amarillo 1997, no pet.) (citing *Hamel v. State*, 916 S.W.2d 491, 493 (Tex.Crim.App.1996)). A defendant's own testimony may raise the issue of voluntary conduct sufficient to warrant a charge on same. *See George v. State*, 681 S.W.2d 43, 44–45 (Tex.Crim.App.1984).

 The Texas Court of Criminal Appeals has recognized that the defense of accident is no longer present in the Texas Penal Code. *See Brown v. State*, 955 S.W.2d 276, 280 (Tex.Crim.App.1997). However, the court only recently decided that when the admitted evidence raises the issue of the conduct of the actor not being voluntary, then the jury must be charged, when requested, on the issue of voluntariness. *Id.*[8] That court seemed to base its holding on the notion that "the issue of the voluntariness of one's conduct, or bodily movements, is separate from the issue of one's mental state." *Id.* (quoting *Adanandus v. State*, 866 S.W.2d 210, 230 (Tex.Crim.App.1993)). The court, however, also recognized, quoting approvingly from *George*, 681 S.W.2d. at 47, that where the issue is whether an accused recklessly caused bodily injury by shooting with a gun and the evidence shows that the accused voluntarily engaged in conduct that includes, *inter alta*, one or more voluntary acts leading to the actual shooting, and the conduct also includes a bodily movement of the accused sufficient for the gun to discharge a bullet, without more, such as precipitation by another individual, a jury need not be charged on the matter of whether the accused voluntarily engaged in the conduct with which he is charged. *Brown*, 955 S.W.2d at 280.

### Application of Law to Facts

The only direct testimony in the instant case concerning the manner in which the victim was injured came from Appellant himself. Appellant testified that he was running from the garage of his home through the kitchen area when his knee collided with the victim's head, apparently knocking the victim to the floor.

Thus this case is very similar to the facts in *George*, at least for purposes of determining whether Appellant was entitled to an instruction on voluntary conduct. In *George*, the defendant pointed a gun at the victim and pulled back the hammer. The defendant testified that the hammer then slipped out of his grasp, causing the gun to fire, killing the deceased. As we previously pointed out, the *George* Court held that the defendant was not entitled to an instruction on voluntary conduct, basically because his cocking of the hammer demonstrated enough conduct to cause the bullet to be discharged, absent some other intervening event. Similarly, in the instant case, Appellant's running through the kitchen immediately before colliding with the victim demonstrated voluntary bodily movement sufficient to cause the subsequent collision with the victim's head, absent any other intervening event. There being no other intervening event shown in the record, Appellant in the instant case was no more entitled to a "voluntary conduct" instruction than the defendant in *George*. Obviously, the jury took into consideration Appellant's lessened culpable mental state by finding him guilty of the lesser included offense of *reckless* injury to a child. The trial court did not commit error in denying Appellant's requested instruction. Point of error twelve is overruled.

In point of error thirteen, Appellant lodges a claim that is virtually impossible to fathom. He claims error was committed by the prosecutor in making improper argument to the jury with reference to inadmissible extraneous conduct of Appellant. But he then proceeds to discuss the trial court's charge to the jury and avers that no limiting instruction was given to the jury, no objection was made by Appellant, and therefore the egregious harm standard prescribed by *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.

---

8. The court did not draw a distinction between the concept of "accident" and that of "involuntary conduct." Indeed, the defendant in *Brown*, in his requested instruction that he submitted to the trial court in that case, commingled the term "accidental discharge" with the term "voluntary act or conduct." Therefore, we do not believe that the court intended to draw any distinction between the two concepts. So, apparently, as long as a defendant timely and properly requests an instruction on voluntary conduct, though it may be referred to linguistically as accidental conduct, under *Brown* he would be entitled to have it given by the trial court.

1985), was applicable to the error. If that were not confusing enough, he concludes his argument by averring, "Here, the prohibition against ex post facto laws was violated." We simply cannot discern what contention Appellant is making. Nothing is presented for review. *See* TEX. R. APP. P. 38.1(e), (h). Point of error thirteen is overruled.

In point of error fourteen, the whole of Appellant's contention is as follows: "It is clear beyond the need for multiple citations that [Appellant] was denied his due process rights to a fair trial." There is no allegation as to what errors or omissions constituted the deprivation of a fair trial for Appellant, just a bald, conclusory assertion of same. Nothing is presented for review. *See* TEX. R. APP. P. 38.1(h). Point of error fourteen is overruled.

The judgment of the trial court is affirmed.