Byron David SPARKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–99–02128–CR.

Court of Appeals of Texas, Dallas.

Jan. 17, 2001.

Discretionary Review Refused June 13, 2001.

George E. Ashford, III, Stanley I. Weinberg, Levin Weinberg & Levin, Charles W. Tessmer, Dallas, for appellant.

William T. (Bill) Hill, Jr., Dallas, Judith Shifrin King, Austin, Katherine A. Drew, Fort Worth, for state.

Before Justices MORRIS, WHITTINGTON, and JAMES.

## OPINION

Opinion By Justice JAMES.

Appellant Byron David Sparks was convicted by a jury of injury to a child under the age of fourteen. Punishment was assessed by the trial court at twelve years imprisonment and a $1000 fine. Appellant brings nine points of error complaining the evidence is legally and factually insufficient to support his conviction and the trial court erred in: (1) overruling his *Batson* challenge, (2) failing to require the prosecutor to produce her notes during the *Batson* hearing, (3) overruling appellant's objection to the assigned judge, (4) refusing to allow appellant's counsel to question the jury panel regarding reasonable doubt, (5) refusing to instruct the jury on the concept of voluntary conduct, (6) failing to quash the indictment, and (7) refusing to suppress appellant's written confession. We conclude the evidence is legally sufficient to support appellant's conviction but that the trial court erred in rejecting appellant's *Batson* challenge and in refusing to instruct the jury on voluntary conduct. Therefore, we reverse the trial court's judgment and remand this case for further proceedings.

Appellant was accused of beating his ten-month old child with a blunt object. Appellant acknowledged he injured the child but claimed the incident was an accident. According to appellant, he and the child's mother had just moved into a new apartment and much of the household was in disarray. The night of the incident, the child was on the floor of his apartment.

As appellant was walking across the room carrying a sack of exercise weights, he tripped over coaxial cables and wires strewn across the floor and hit the child with his elbow as he fell.

■ We first turn to appellant's third point of error challenging the legal sufficiency of the evidence. To determine the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *McCain v. State*, 22 S.W.3d 497, 503 (Tex.Crim.App.2000).

■ In the present case, the indictment alleged appellant knowingly or intentionally caused serious bodily injury to the child by striking the child's torso with or against a blunt object. The evidence was undisputed the child was in appellant's care when injured. The child had multiple internal injuries, including torn intestines, a bruised spleen, and bruised pancreas. The injuries were life threatening. There was medical testimony that the injuries occurred from a blunt force trauma. There also was substantial medical testimony that the injuries could not have occurred as appellant claimed. Appellant further admitted to lying to the police as to how the injuries occurred and also admitted he did not seek medical attention for the child despite obvious signs of distress, including vomiting and a swelling abdomen. Furthermore, there were injuries to the child which appellant failed to account for in his trial testimony, including a fracture of the skull and lacerations on the child's face.

From the evidence the jury could have reasonably concluded appellant committed the offense and attempted to conceal it. Therefore, from our review of the record, we determine the evidence is legally sufficient to support appellant's conviction. *Cf. Guzman v. State*, 20 S.W.3d 237 (Tex. App.—Dallas 2000, pet. granted) (holding evidence legally sufficient to support capital murder conviction for death of child where child was struck with great force by fist or hard object, child was in sole care of accused, accused offered conflicting explanations of how child was injured, and there was medical testimony that injuries were committed by person who knew he was causing serious injury). We overrule appellant's third point of error.

■ We turn next to appellant's first point of error in which appellant complains the trial court erred in failing to sustain his *Batson* challenge after the State struck venireman number 16, Michael Crockett. Appellant contends the State struck this potential juror because of his gender, thus violating appellant's right to equal protection under the Fourteenth Amendment.[1] *See J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 145, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994); *Batson v. Kentucky*, 476 U.S. 79, 89, 106, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *Fritz v. State*, 946 S.W.2d 844, 847 (Tex.Crim.App.1997). We note that improper strikes based on gender are treated equally at law as strikes based on race; both are universally disapproved for identical reasons. *See Fritz*, 946 S.W.2d at 846.

■ When reviewing a *Batson* challenge, we examine the record in the light most favorable to the trial judge's ruling

---

1. Although appellant claims two additional members of the venire also were struck because of gender, the *Batson* challenge to these jurors was waived by failing to assert it at trial. *See Mathews v. State*, 768 S.W.2d 731, 732–33 (Tex.Crim.App.1989); *see also* Tex. R.App. P. 33.1(a)(1).

and reverse only when the ruling is clearly erroneous. *Bausley v. State*, 997 S.W.2d 313, 315 (Tex.App.—Dallas 1999, pet. ref'd). A ruling is clearly erroneous when, after searching the record, we are left with the definite and firm conviction that a mistake has been committed. *Id.* If the trial judge's ruling is supported by the record, including the voir dire, the prosecutor's explanation of her peremptory challenges, appellant's rebuttal, and any impeaching evidence, then the ruling is not clearly erroneous. *Id.*

▪ To challenge the State's use of peremptory strikes under *Batson,* a defendant must first make a prima facie showing that the State exercised peremptory strikes on an impermissible basis. *Id.* at 316. Once a defendant makes a prima facie showing of purposeful discrimination, the State must provide a race or gender neutral explanation for striking the prospective juror in question. *Id.; Parra v. State,* 935 S.W.2d 862, 868 (Tex.App.— Texarkana 1996, no pet.). This second step of the process does not demand a persuasive or even plausible explanation; rather, the State's reason for the strike will be deemed race or gender neutral unless a discriminatory intent is inherent in the prosecutor's explanation. *Bausley,* 997 S.W.2d at 315; *Parra,* 935 S.W.2d at 868. A neutral explanation in this context means an explanation that is merely based on something other than the race or gender of the juror. Unless a discriminatory intent is "inherent," the explanation will be deemed race or gender neutral. *See Hernandez v. New York,* 500 U.S. 352, 360, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991).

▪ If the State provides a race or gender neutral explanation for its strikes, the defendant must proceed to rebut the State's explanation or show that the explanation was merely a sham or pretext. *See Bausley,* 997 S.W.2d at 316. To meet this burden, the defendant may call witnesses and introduce evidence just as in any other evidentiary hearing. *Id.* The defendant has the ultimate burden of persuasion to establish that the allegations of purposeful discrimination are true. *Id.* It is only at this third step that the persuasiveness of the justification becomes relevant. *See Purkett v. Elem,* 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995). It is in judging the trial court's decision at step three that the "clearly erroneous" standard of appellate review is applied. *See Whitsey v. State,* 796 S.W.2d 707, 726 (Tex. Crim.App.1989).

In the present case, after appellant objected to the State striking Mr. Crockett, the prosecutor gave the following reasons for the strike:

> Prosecutor: We struck No. 16, Judge, Michael Crockett, based on the fact that he is a young male with no children.

The trial court then confirmed the prosecutor's reasons:

> The Court: Ms. Hawk, you said you struck No. 16 because he was a young male and had no children; is that correct?
>
> Prosecutor: Yes, sir.

The prosecutor therefore proffered two neutral reasons for exercising the strike (young; no children) and one which was patently gender based (male). We recently considered the application of *Batson* in such an instance in *Guzman v. State,* 20 S.W.3d 237 (Tex.App.—Dallas 2000, pet. granted). In *Guzman,* we held that if one of the prosecutor's several reasons for striking a member of the venire is patently gender based, then the explanation is not gender neutral and does not meet the second prong of the *Batson* analysis. *Id.* at 244. In such an instance, the trial court's finding of no purposeful discrimination is

clearly erroneous, and the error is not subject to a harm analysis. *Id.*

■ The State contends *Guzman* is distinguishable from the present case because gender was not the "core reason" for striking the juror here. Instead, the prosecutor was merely expressing a preference for more mature jurors with children, while in *Guzman* the prosecutor clearly expressed a bias against male jurors. The State also contends that even if *Guzman* is not distinguishable, we erred in *Guzman* by not proceeding to the third prong of the *Batson* analysis. The State asserts that when the prosecutor proffers both permissible and impermissible reasons for exercising a peremptory strike, the court must determine the dominant reason for the strike. We disagree.

■ The State may not insulate itself from patent gender and racial bias in the exercise of its peremptory strikes by proffering legitimate reasons with illegitimate ones. It is also irrelevant whether the State evidences its discriminatory intent as a preference or a bias. *Batson* requires the State to be race and gender neutral. If the State uses race or gender as a factor in its decision to exercise a peremptory strike, the State tilts from its position of neutrality. When the prosecutor concedes that the State did not exercise its peremptory strikes in a race or gender neutral manner, there is no reason to proceed to the third prong of the *Batson* analysis because discriminatory intent is inherent in the explanation. We conclude *Guzman* is controlling here and decline the State's invitation to reconsider

our decision in *Guzman*. The trial court's determination that the State did not engage in purposeful discrimination is clearly erroneous, and the error is not subject to a harm analysis. *See Guzman*, 20 S.W.3d at 244; *Bausley*, 997 S.W.2d at 319. We therefore sustain appellant's first point of error.

■ In the interest of judicial economy, we also address appellant's seventh point of error. In this point, appellant claims the trial court erred in refusing to provide the jury with an instruction on voluntary conduct. Upon a timely request, an accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the defense. *Hamel v. State*, 916 S.W.2d 491, 493 (Tex.Crim.App.1996); *Miller v. State*, 815 S.W.2d 582, 585 (Tex.Crim.App.1991). The evidence may come from any source, including the defendant. *See Miller*, 815 S.W.2d at 585. A defendant is entitled to a charge on the issue of the voluntariness of his acts when warranted by the evidence. *Brown v. State*, 955 S.W.2d 276, 280 (Tex.Crim.App.1997).

Appellant affirmatively testified that he accidentally injured his child when he tripped and fell, striking the child with his elbow. Therefore, appellant contends he offered evidence that his conduct was involuntary, he was entitled to an instruction on the voluntariness of his conduct, and the trial court erred in refusing appellant's requested instruction.[2] The State con-

---

**2.** Appellant requested the following instruction:

You are instructed that a person commits an offense only if he voluntarily engages in conduct, including an act, omission, or possession. Conduct is not rendered involuntary

merely because the person did not intend the results of his conduct.

Therefore, if you believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, Byron Sparks, did cause the injury of Darien Sparks by striking his torso with and against a blunt

tends, however, appellant was not entitled to an instruction on involuntary conduct because his conduct in walking across a floor strewn with cable while carrying a sack of weights in close proximity to his child, and ultimately falling, was "voluntary." We agree with appellant.

The State relies heavily on *Torres v. State*, 979 S.W.2d 668 (Tex.App.—San Antonio 1998, no pet.), in arguing appellant's conduct was voluntary. In that case, the defendant testified he ran through the kitchen and ran into a child, causing the injury in dispute. *Id.* at 675. The court determined the defendant's conduct of "running through the kitchen immediately before colliding with the victim demonstrated voluntary bodily movement sufficient to cause the subsequent collision with the victim's head, absent any other intervening event." *Id.* The court concluded that because the defendant's voluntary conduct itself was sufficient to cause the injury without any intervening event, the defendant was not entitled to a voluntariness instruction. *Id.* In the present case, however, appellant did not engage in bodily movement that would have resulted in injury without intervention of another event. Rather, an intervening event occurred when appellant, according to his testimony, tripped over the coaxial cable he had set out for his stereo and fell on the child. We cannot view tripping and falling on the floor of a cluttered apartment to be voluntary conduct.

The State also contends that an intervening event can never occur when the defendant is alone, as was appellant in this case. The State appears to argue that the intervening event must be caused by another person rather than an inanimate ob-

ject, such as the cable here. The State's position seems to stem from the following statement in *Brown:* "In regard to the analysis of the defendant's conduct, this Court said that 'we hold as a matter of law the fact that when such conduct also includes a bodily movement of the accused sufficient for the gun to discharge a bullet, without more—*such as precipitation by another individual* ....' " *Brown,* 955 S.W.2d at 280 (quoting *George v. State,* 681 S.W.2d 43, 47 (Tex.Crim.App.1984)). The court's reference in *Brown* to intervention by another individual is merely one example of an intervening event. The court did not exclude other types of intervention. A strict dichotomy between human and non-human intervention, or whether the defendant is alone or not, is not supported by the case law and lacks any sound rationale. In our view, appellant's testimony clearly raised the issue of whether his conduct was voluntary. Therefore, the trial court erred in failing to instruct the jury as appellant requested.

■ The erroneous refusal to give an instruction on voluntary conduct is charge error subject to *Almanza* harm analysis. *Payne v. State,* 11 S.W.3d 231, 232–33 (Tex.Crim.App.2000); *see Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). "[A]n error which has been properly preserved by objection will call for reversal as long as the error is not harmless." *Almanza,* 686 S.W.2d at 171. In the present case, appellant properly preserved error by timely requesting the voluntariness instruction both in writing and on the record. *See* Tex.Code Crim. Proc. Ann. art. 36.14 (Vernon Supp.2001).

■ The State first argues we should find the error harmless because appellant

object, a deadly weapon, as alleged in the indictment, but you further believe from the evidence, or you have a reasonable doubt thereof, that the injury was a result of an

accident and was not the voluntary act of conduct of the defendant, you will acquit the defendant and say by your verdict "Not Guilty."

failed to demonstrate harm. The State mistakenly attempts to place on appellant the burden of demonstrating harm. The court of criminal appeals recently addressed this issue:

> We do not resolve the issue by asking whether the appellant met a burden of proof to persuade us that he suffered some actual harm, as the dissent would have it. No party should have a burden to prove harm from an error, and there ordinarily is no way to prove "actual" harm. Burdens and requirements of proving actual facts are appropriate in the law of evidence, but they have little meaning for the harmless-error decision.

*Ovalle v. State,* 13 S.W.3d 774, 787 (Tex. Crim.App.2000). Thus, it is for the reviewing court to undertake its own assessment of harm, aided of course by the argument of the parties. *See McGowen v. State,* 25 S.W.3d 741, 745–46 (Tex.App.— Houston [14th Dist.] 2000, pet. filed).

▆ In determining whether charge error is harmless, our standard of review is set by article 36.19 of the code of criminal procedure. *Ovalle,* 13 S.W.3d at 786. "[T]he judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." TEX.CODE CRIM. PROC. ANN. art. 36.19 (Vernon 1981). Therefore, if the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant," which means no more than there must be some harm to the accused from the error. *Ovalle,* 13 S.W.3d at 786. The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Id.*

▆ The State contends any error was harmless because voluntariness was relevant only to appellant's version of events, that he fell. The State disputed that appellant ever fell or that the child's injuries resulted from a fall, whether intentional or accidental. Instead, the State argued the injuries were the result of an intentional beating from appellant, most probably with his fist. The State reasons that the jury must have rejected appellant's version of events if the jury found appellant guilty under the State's theory. We disagree.

Appellant admitted injuring his child. Appellant's sole defense was he committed the injury involuntarily, by tripping and falling. The jury charge incorporated the language of the indictment that the offense was alleged to have been committed with a blunt object of unknown origin. We cannot exclude the possibility that the jury could have accepted appellant's testimony but nevertheless considered appellant's elbow to be the blunt object causing the injury. The jury also could have erroneously considered appellant's act of walking across the cable strewn floor to be knowing or intentional conduct which resulted in the blunt force trauma. Had the jury been properly charged on the issue of involuntariness, the jury could have determined that the intervening act of appellant tripping and falling was involuntary. The lack of a voluntariness instruction therefore potentially impaired appellant's defense. If the jury had a reasonable doubt as to whether appellant's conduct was voluntary, he would have been entitled to acquittal. *See Brown,* 955 S.W.2d at 280 (quoting *McFarland v. State,* 928 S.W.2d 482, 513 (Tex.Crim.App.1996)). Under these circumstances, appellant suffered some harm as a result of the trial court's failure to include a voluntariness instruction in the charge.

The State nevertheless contends the error is harmless because voluntariness is subsumed in the requirement that appellant committed the offense knowingly or intentionally. In *Brown*, however, the court of criminal appeals specifically rejected the notion that a voluntariness instruction is unnecessary when the charged offense requires intentional or knowing conduct. *Brown*, 955 S.W.2d at 280. To accept the State's argument would circumvent the holding in *Brown* and operate to deprive criminal defendants of a voluntariness instruction altogether. We therefore cannot conclude the error is harmless for this reason.

The State further contends the error was harmless because, as in *Butler v. State*, 981 S.W.2d 849, 857 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd), the evidence supports appellant's conviction under an alternative theory. *Butler* is inapposite to the present case. In *Butler*, the State alleged three theories as to how the victim was murdered: shot with a shotgun, struck with a shotgun, and struck with a tire iron. *Id.* at 856. The only evidence regarding voluntariness was whether the defendant accidentally shot the victim. *Id.* Because there was evidence to support the alternative theories that the defendant beat the victim to death, and because the State relied most heavily on these alternate theories and the jury's verdict was very likely based on them, the Houston court found the omission of the voluntariness instruction to be harmless error. *Id.* at 857–58. In the present case, the State offered only one theory of the offense—appellant knowingly and intentionally struck his child with a blunt object of unknown origin. Therefore, *Butler* has no applicability to the case at bar.

Finally, we cannot agree with the State that the error is harmless because there is overwhelming evidence of appellant's guilt. The State's case was based almost wholly on circumstantial evidence and expert opinion. Cross-examination revealed considerable disagreement among the State's medical witnesses. The surgeon who operated on the child in fact conceded that the abdominal injuries could have occurred as appellant testified. There was no direct evidence appellant had previously harmed the child. While the evidence was legally sufficient, we cannot agree it was overwhelming.

In conclusion, after applying the appropriate standard and reviewing the entire record, we determine that the error caused appellant some harm. Therefore, we sustain appellant's seventh point of error.

Because of our disposition of appellant's first and seventh points of error, we need not consider appellant's remaining points. *See* Tex.R.App. P. 47.1. The judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.