NO. 07-01-228-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 11, 2001


________________________________



ANN MARIE LUSTGRAAF,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 41,557-C; HON. PATRICK PIRTLE, PRESIDING


_______________________________


 

Dismissal


_______________________________



Before REAVIS, QUINN and JOHNSON, JJ.

 Ann Marie Lustgraaf (appellant) attempts to appeal from a judgment under which
she was convicted of possession of a controlled substance. The judgment was entered
pursuant to her guilty plea and plea bargain with the State. Furthermore, the trial court's
decision and sentence comported with the terms of the plea bargain. Appellant filed a
general pro se notice of appeal along with an affidavit of indigency. We dismiss for want
of jurisdiction.

 Because appellant pled guilty and the sentence assessed by the court did not
exceed the parameters of the plea bargain, appellant was required to comply with Texas
Rule of Appellate Procedure 25.2(b)(3). That is, she was required to recite in her notice
that she was appealing based upon jurisdictional defects, that the substance of her appeal
was raised by written motion and ruled on before trial, or that the trial court granted her
permission to appeal. None of these statements appear in her notice, however. (1) 
Consequently, we have no jurisdiction to entertain the proceeding. Cooper v. State, 45
S.W.3d 77 (Tex. Crim. App. 2001). This is true even though she contends, via her notice
of appeal, that she failed to understand the applicable range of punishment, id. (holding
that issues of voluntariness cannot be raised through a general notice of appeal), and that
her punishment was excessive. (2) 

 Accordingly, the appeal is dismissed.


 Per Curiam


Do Not Publish.


1. We do not decide at this time whether a trial court's stating in its judgment (as the court did here)
that one who pled guilty had the right to appeal and that counsel would be appointed to represent him on
appeal if he could not afford one is tantamount to granting permission to appeal. Yet, we note the potential
for such commentary inducing a prospective appellant into believing that he could appeal. Nevertheless, the
notice of appeal still would have to comport with Texas Rule of Appellate Procedure 25.2(b)(3) before we
acquired jurisdiction.
2. Appellant also states in her notice of appeal that she does "not intend to contest [her] conviction."


 same day it was given
to the defense. (2) Alternatively, the prosecution argued the audio tape did not contain any
additional or different information, but it had no objection to the court ruling the recording
inadmissible due to untimely disclosure. The court denied the motions to dismiss. 
Appellant was found guilty of indecency with a child against AR and TR. He was acquitted
on the charges related to DS and MG. 

 Appellant's first point (3) assigns error to the trial court's failure to grant a
"postponement or continuance" when "'Brady' evidence" was provided immediately prior
to and during trial. His second point assigns error to the failure to grant a mistrial based
on violation of Brady. In Brady the U.S. Supreme Court recognized a constitutional right
to have the government disclose evidence in its possession which is material and
exculpatory. Brady, 373 U.S. at 87. See also Harm, 183 S.W.3d at 406 (stating rule). 
Impeachment evidence also falls within the Brady rule. United States v. Bagley, 473 U.S.
667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); Harm, 183 S.W.3d at 408. To
demonstrate reversible error for violation of Brady rights, a defendant must show (1) the
State failed to disclose evidence, regardless of the prosecutor's good or bad faith; (2) the
withheld evidence is favorable to the defendant; and (3) the withheld evidence is material,
that is, there is a reasonable probability that had the evidence been disclosed, the outcome
of the trial would have been different. Harm, 183 S.W.3d at 406. When exculpatory
evidence is not concealed, but disclosure is untimely, the defendant bears the burden to
show the delay resulted in prejudice. United States v. McKinney, 758 F.2d 1036, 1050 (5th
Cir. 1985); Wilson v. State, 7 S.W.3d 136, 146 (Tex.Crim.App. 1999). Prejudice is not
shown when the information is disclosed to the defendant in time for him to make effective
use of it at trial. McKinney, 758 F.2d at 1050; see Little v. State, 991 S.W.2d 864, 866
(Tex.Crim.App. 1999) (citing McKinney). 

 Appellate counsel candidly acknowledged at oral argument that trial counsel's
complaints at trial did not expressly include a motion for a continuance. We note also that
appellant's brief contains no citation to the record where trial counsel sought a mistrial. 
See Tex. R. App. P. 38.1(f), (h). While we have no duty to search the record for support
for an appellant's argument, see Torres v. State, 979 S.W.2d 668, 671 (Tex.App.--San
Antonio 1998, no pet.), our examination of the portions containing trial counsel's motions
for dismissal reveals he did not request a continuance, either before trial or in connection
with his motion to dismiss, or a mistrial. With exceptions not relevant here, a party may not
complain on appeal of the trial court's failure to act on a request or objection not made to
that court. See Tex. R. App. P. 33.1(a). See also Dixon v. State, 2 S.W.3d 263, 273
(Tex.Crim.App. 1998) (op. on rehearing) (trial objection which does not comport with
appellate complaint is not preserved for review). This is a sufficient basis on which to
overrule appellant's points. (4)

 Moreover, appellant's argument fails to show the evidence disclosed on the eve of
trial was favorable or material, or that its late disclosure resulted in prejudice. The
evidence he identifies as exculpatory was the criminal history of the State's witnesses, the
prior accusation by DS, and possibly the complainants' written statements. Appellant's
argument does not identify any state's witness who had a criminal record which was not
disclosed. Nor does his argument explain how the report of DS of another offense
committed against her would be exculpatory where that report resulted in a guilty plea. Cf.
Lopez v. State, 18 S.W.3d 220 (Tex.Crim.App. 2000) (addressing admissibility of
complainant's previous false allegations of abuse by third person); Igo v. State, No. 07-02-0484-CR (Tex.App.-Amarillo November 30, 2004, pet. granted) (assuming statement of
mother to police that daughter made false allegations in the past was subject to disclosure
under Brady). Finally, appellant's argument ignores the fact he was acquitted of the charge
related to DS.

 Appellant's argument that the written statements of the complainants were Brady
material is limited to the assertion they "contained substantial inconsistencies" and a
citation to the exhibits volume of the reporter's record. The argument falls short of the
requirement of Rule of Appellate Procedure 38.1(h) for "a clear and concise argument for
the contentions made," with appropriate citations to the record. In our review of the record
we note that during his argument to the trial court concerning the asserted Brady violations,
trial counsel emphasized that AR's video-taped statement alleged two incidents while her
written statement and audio-taped statement recounted only one incident. As the State's
brief points out, however, appellant's counsel played AR's audio-taped statement in front
of the jury and cross-examined her extensively about inconsistencies in her statements. 
It thus appears appellant was able to make effective use of the materials delivered to
counsel shortly before trial. That conclusion is buttressed by appellant's conviction of the
lesser included offense of indecency with a child against AR rather than the charged
offense of aggravated sexual assault. We find that prejudice from an untimely disclosure
of the statements has not been shown. See Wilson, 7 S.W.3d at 146. 

 Appellant has failed to show his due process rights were violated by the State's
failure to disclose information required by Brady. For that reason, as well as for the reason
the record reflects no motion for a continuance or mistrial, we overrule appellant's points
of error in each appeal and affirm the trial court's judgments.

 

 James T. Campbell

 Justice






Do not publish.

 


1. Brady v. Maryland, 373 U.S. 83, 10 L.Ed.2d 215, 83 S.Ct. 1194 (1963). 
2. Our disposition of appellant's points does not require us to address the merits of
this argument. We note, however, that the trial court's standard discovery order states that
it applies to information and materials in the possession of the prosecutor "or any of the
agencies of the State." See Harm v. State, 183 S.W.3d 403, 406 (Tex.Crim.App. 2006) 
(duty under Brady requires disclosure of favorable evidence known only to the police). 
3. Because the briefs in both appeals present identical points of error, we refer to
each point in the singular.
4. Several Texas courts have held the failure to seek a continuance on untimely
disclosure of exculpatory evidence waives any Brady violation. See, e.g., Taylor v. State,
93 S.W.3d 487, 502 (Tex.App.--Texarkana 2002, pet. ref'd). These opinions rely at least
in part on Yates v. State, 941 S.W.2d 357, 364 (Tex.App.--Waco 1997, pet. ref'd). A
majority of the Waco Court of Appeals recently rejected the rationale of Yates in Moore v.
State, 143 S.W.3d 305, 316 (Tex.App.-Waco 2004, pet ref'd) (op. on rehearing). Our
disposition of this appeal does not require us to address the State's argument that
appellant waived any Brady violations for late-disclosed evidence by not seeking a
continuance.