NO. 07-05-0026-CR


 07-05-0027-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 29, 2006


 ______________________________



RANDY JAMES THOMASON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B15431-0403, B15434-0403; HONORABLE ED SELF, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 In these companion appeals Randy James Thomason challenges his two
convictions for the felony offense of indecency with a child. The convictions resulted from
his prosecution under four separate indictments for similar offenses, each involving a
different victim. He presents the same two issues in each appeal alleging error arising
from the State's failure to timely disclose exculpatory evidence. We affirm.

 Appellant and his wife began living with the wife's relatives in the fall of 2003. Also
living in the house were minor sisters, AR and TR. On March 3, 2004 the father of AR and
TR informed Hale Center police officer Joe Vest his daughters and two other girls, DS and
MG, alleged appellant had engaged in sexual conduct with them. Vest briefly interviewed
the girls at a relative's home then took their written and oral statements at the police
station. An audiotape was made of three of the four oral statements. Three of the girls
also were interviewed later by another interviewer and videotapes were made of these later
interviews. Separate indictments charged appellant with the offenses of aggravated sexual
assault of AR and indecency with a child against TR, DS and MG. 

 In response to defense motions for discovery and disclosure of exculpatory
information filed in April 2004, the trial court issued its standard discovery order, which
included the requirement that the prosecution produce exculpatory material. The State
provided an initial response to the discovery motion the same month. At a June 2004
pretrial hearing defense counsel stated he had received copies of videotaped statements
of two complainants. Defense counsel also informed the trial judge one or two of the
victims made similar allegations against other people and he sought information on those
cases "to the limited extent that that would come under our Brady (1) motion[.]" In July, the
defense obtained a continuance to provide time to obtain a replacement copy of the audio
recording and to review reports of the nurse examiner. 

 According to defense counsel, he did not receive copies of the written statements
of AR, TR and DS, or the audio recording of AR, TR, and MG until the afternoon of January
10, 2005, the day before trial. During voir dire one of the venire members revealed DS had
accused her son of a similar crime. Appellant asserted objections to the State's failure to
disclose that particular accusation and untimely disclosure of the written statements and
audio recording. He sought dismissal of the charges related to AR and DS. Based on the
prosecutor's statement that the prior allegation by DS resulted in a guilty plea, the trial
judge found it was not exculpatory. With regard to the other information, the prosecution's
response was that the State maintained an open file policy and had turned over "everything
that we have ever had" to the defense. He also represented the prosecution did not have
the tape recording until it was provided by the police department the same day it was given
to the defense. (2) Alternatively, the prosecution argued the audio tape did not contain any
additional or different information, but it had no objection to the court ruling the recording
inadmissible due to untimely disclosure. The court denied the motions to dismiss. 
Appellant was found guilty of indecency with a child against AR and TR. He was acquitted
on the charges related to DS and MG. 

 Appellant's first point (3) assigns error to the trial court's failure to grant a
"postponement or continuance" when "'Brady' evidence" was provided immediately prior
to and during trial. His second point assigns error to the failure to grant a mistrial based
on violation of Brady. In Brady the U.S. Supreme Court recognized a constitutional right
to have the government disclose evidence in its possession which is material and
exculpatory. Brady, 373 U.S. at 87. See also Harm, 183 S.W.3d at 406 (stating rule). 
Impeachment evidence also falls within the Brady rule. United States v. Bagley, 473 U.S.
667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); Harm, 183 S.W.3d at 408. To
demonstrate reversible error for violation of Brady rights, a defendant must show (1) the
State failed to disclose evidence, regardless of the prosecutor's good or bad faith; (2) the
withheld evidence is favorable to the defendant; and (3) the withheld evidence is material,
that is, there is a reasonable probability that had the evidence been disclosed, the outcome
of the trial would have been different. Harm, 183 S.W.3d at 406. When exculpatory
evidence is not concealed, but disclosure is untimely, the defendant bears the burden to
show the delay resulted in prejudice. United States v. McKinney, 758 F.2d 1036, 1050 (5th
Cir. 1985); Wilson v. State, 7 S.W.3d 136, 146 (Tex.Crim.App. 1999). Prejudice is not
shown when the information is disclosed to the defendant in time for him to make effective
use of it at trial. McKinney, 758 F.2d at 1050; see Little v. State, 991 S.W.2d 864, 866
(Tex.Crim.App. 1999) (citing McKinney). 

 Appellate counsel candidly acknowledged at oral argument that trial counsel's
complaints at trial did not expressly include a motion for a continuance. We note also that
appellant's brief contains no citation to the record where trial counsel sought a mistrial. 
See Tex. R. App. P. 38.1(f), (h). While we have no duty to search the record for support
for an appellant's argument, see Torres v. State, 979 S.W.2d 668, 671 (Tex.App.--San
Antonio 1998, no pet.), our examination of the portions containing trial counsel's motions
for dismissal reveals he did not request a continuance, either before trial or in connection
with his motion to dismiss, or a mistrial. With exceptions not relevant here, a party may not
complain on appeal of the trial court's failure to act on a request or objection not made to
that court. See Tex. R. App. P. 33.1(a). See also Dixon v. State, 2 S.W.3d 263, 273
(Tex.Crim.App. 1998) (op. on rehearing) (trial objection which does not comport with
appellate complaint is not preserved for review). This is a sufficient basis on which to
overrule appellant's points. (4)

 Moreover, appellant's argument fails to show the evidence disclosed on the eve of
trial was favorable or material, or that its late disclosure resulted in prejudice. The
evidence he identifies as exculpatory was the criminal history of the State's witnesses, the
prior accusation by DS, and possibly the complainants' written statements. Appellant's
argument does not identify any state's witness who had a criminal record which was not
disclosed. Nor does his argument explain how the report of DS of another offense
committed against her would be exculpatory where that report resulted in a guilty plea. Cf.
Lopez v. State, 18 S.W.3d 220 (Tex.Crim.App. 2000) (addressing admissibility of
complainant's previous false allegations of abuse by third person); Igo v. State, No. 07-02-0484-CR (Tex.App.-Amarillo November 30, 2004, pet. granted) (assuming statement of
mother to police that daughter made false allegations in the past was subject to disclosure
under Brady). Finally, appellant's argument ignores the fact he was acquitted of the charge
related to DS.

 Appellant's argument that the written statements of the complainants were Brady
material is limited to the assertion they "contained substantial inconsistencies" and a
citation to the exhibits volume of the reporter's record. The argument falls short of the
requirement of Rule of Appellate Procedure 38.1(h) for "a clear and concise argument for
the contentions made," with appropriate citations to the record. In our review of the record
we note that during his argument to the trial court concerning the asserted Brady violations,
trial counsel emphasized that AR's video-taped statement alleged two incidents while her
written statement and audio-taped statement recounted only one incident. As the State's
brief points out, however, appellant's counsel played AR's audio-taped statement in front
of the jury and cross-examined her extensively about inconsistencies in her statements. 
It thus appears appellant was able to make effective use of the materials delivered to
counsel shortly before trial. That conclusion is buttressed by appellant's conviction of the
lesser included offense of indecency with a child against AR rather than the charged
offense of aggravated sexual assault. We find that prejudice from an untimely disclosure
of the statements has not been shown. See Wilson, 7 S.W.3d at 146. 

 Appellant has failed to show his due process rights were violated by the State's
failure to disclose information required by Brady. For that reason, as well as for the reason
the record reflects no motion for a continuance or mistrial, we overrule appellant's points
of error in each appeal and affirm the trial court's judgments.

 

 James T. Campbell

 Justice






Do not publish.

 


1. Brady v. Maryland, 373 U.S. 83, 10 L.Ed.2d 215, 83 S.Ct. 1194 (1963). 
2. Our disposition of appellant's points does not require us to address the merits of
this argument. We note, however, that the trial court's standard discovery order states that
it applies to information and materials in the possession of the prosecutor "or any of the
agencies of the State." See Harm v. State, 183 S.W.3d 403, 406 (Tex.Crim.App. 2006) 
(duty under Brady requires disclosure of favorable evidence known only to the police). 
3. Because the briefs in both appeals present identical points of error, we refer to
each point in the singular.
4. Several Texas courts have held the failure to seek a continuance on untimely
disclosure of exculpatory evidence waives any Brady violation. See, e.g., Taylor v. State,
93 S.W.3d 487, 502 (Tex.App.--Texarkana 2002, pet. ref'd). These opinions rely at least
in part on Yates v. State, 941 S.W.2d 357, 364 (Tex.App.--Waco 1997, pet. ref'd). A
majority of the Waco Court of Appeals recently rejected the rationale of Yates in Moore v.
State, 143 S.W.3d 305, 316 (Tex.App.-Waco 2004, pet ref'd) (op. on rehearing). Our
disposition of this appeal does not require us to address the State's argument that
appellant waived any Brady violations for late-disclosed evidence by not seeking a
continuance.