NO.  07-05-0026-CR
07-05-0027-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 29, 2006
_____

RANDY JAMES THOMASON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B15431-0403, B15434-0403; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

In these companion appeals Randy James Thomason challenges his two convictions for the felony offense of indecency with a child.  The convictions resulted from his prosecution under four separate indictments for similar offenses, each involving a different victim.  He presents the same two issues in each appeal alleging error arising from the State's failure to timely disclose exculpatory evidence.  We affirm.

Appellant and his wife began living with the wife's relatives in the fall of 2003. Also living in the house were minor sisters, AR and TR. On March 3, 2004 the father of AR and TR informed Hale Center police officer Joe Vest his daughters and two other girls, DS and MG, alleged appellant had engaged in sexual conduct with them. Vest briefly interviewed the girls at a relative's home then took their written and oral statements at the police station. An audiotape was made of three of the four oral statements. Three of the girls also were interviewed later by another interviewer and videotapes were made of these later interviews. Separate indictments charged appellant with the offenses of aggravated sexual assault of AR and indecency with a child against TR, DS and MG.

In response to defense motions for discovery and disclosure of exculpatory information filed in April 2004, the trial court issued its standard discovery order, which included the requirement that the prosecution produce exculpatory material. The State provided an initial response to the discovery motion the same month. At a June 2004 pretrial hearing defense counsel stated he had received copies of videotaped statements of two complainants. Defense counsel also informed the trial judge one or two of the victims made similar allegations against other people and he sought information on those cases "to the limited extent that that would come under our *Brady*[1] motion[.]" In July, the defense obtained a continuance to provide time to obtain a replacement copy of the audio recording and to review reports of the nurse examiner.

---

[1] *Brady v. Maryland*, 373 U.S. 83, 10 L.Ed.2d 215, 83 S.Ct. 1194 (1963).

According to defense counsel, he did not receive copies of the written statements of AR, TR and DS, or the audio recording of AR, TR, and MG until the afternoon of January 10, 2005, the day before trial. During voir dire one of the venire members revealed DS had accused her son of a similar crime. Appellant asserted objections to the State's failure to disclose that particular accusation and untimely disclosure of the written statements and audio recording. He sought dismissal of the charges related to AR and DS. Based on the prosecutor's statement that the prior allegation by DS resulted in a guilty plea, the trial judge found it was not exculpatory. With regard to the other information, the prosecution's response was that the State maintained an open file policy and had turned over "everything that we have ever had" to the defense. He also represented the prosecution did not have the tape recording until it was provided by the police department the same day it was given to the defense.[2] Alternatively, the prosecution argued the audio tape did not contain any additional or different information, but it had no objection to the court ruling the recording inadmissible due to untimely disclosure. The court denied the motions to dismiss. Appellant was found guilty of indecency with a child against AR and TR. He was acquitted on the charges related to DS and MG.

---

[2] Our disposition of appellant's points does not require us to address the merits of this argument. We note, however, that the trial court's standard discovery order states that it applies to information and materials in the possession of the prosecutor "or any of the agencies of the State." *See Harm v. State*, 183 S.W.3d 403, 406 (Tex.Crim.App. 2006) (duty under *Brady* requires disclosure of favorable evidence known only to the police).

Appellant's first point[3] assigns error to the trial court's failure to grant a "postponement or continuance" when "'*Brady*' evidence" was provided immediately prior to and during trial. His second point assigns error to the failure to grant a mistrial based on violation of *Brady*. In *Brady* the U.S. Supreme Court recognized a constitutional right to have the government disclose evidence in its possession which is material and exculpatory. *Brady*, 373 U.S. at 87. *See also Harm*, 183 S.W.3d at 406 (stating rule). Impeachment evidence also falls within the *Brady* rule. *United States v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *Harm*, 183 S.W.3d at 408. To demonstrate reversible error for violation of *Brady* rights, a defendant must show (1) the State failed to disclose evidence, regardless of the prosecutor's good or bad faith; (2) the withheld evidence is favorable to the defendant; and (3) the withheld evidence is material, that is, there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different. *Harm*, 183 S.W.3d at 406. When exculpatory evidence is not concealed, but disclosure is untimely, the defendant bears the burden to show the delay resulted in prejudice. *United States v. McKinney*, 758 F.2d 1036, 1050 (5th Cir. 1985); *Wilson v. State*, 7 S.W.3d 136, 146 (Tex.Crim.App. 1999). Prejudice is not shown when the information is disclosed to the defendant in time for him to make effective use of it at trial. *McKinney*, 758 F.2d at 1050; *see Little v. State*, 991 S.W.2d 864, 866 (Tex.Crim.App. 1999) (citing *McKinney*).

[3] Because the briefs in both appeals present identical points of error, we refer to each point in the singular.

Appellate counsel candidly acknowledged at oral argument that trial counsel's complaints at trial did not expressly include a motion for a continuance. We note also that appellant's brief contains no citation to the record where trial counsel sought a mistrial. *See* Tex. R. App. P. 38.1(f), (h). While we have no duty to search the record for support for an appellant's argument, *see Torres v. State*, 979 S.W.2d 668, 671 (Tex.App.--San Antonio 1998, no pet.), our examination of the portions containing trial counsel's motions for dismissal reveals he did not request a continuance, either before trial or in connection with his motion to dismiss, or a mistrial. With exceptions not relevant here, a party may not complain on appeal of the trial court's failure to act on a request or objection not made to that court. *See* Tex. R. App. P. 33.1(a). *See also Dixon v. State*, 2 S.W.3d 263, 273 (Tex.Crim.App. 1998) (op. on rehearing) (trial objection which does not comport with appellate complaint is not preserved for review). This is a sufficient basis on which to overrule appellant's points.[4]

Moreover, appellant's argument fails to show the evidence disclosed on the eve of trial was favorable or material, or that its late disclosure resulted in prejudice. The evidence he identifies as exculpatory was the criminal history of the State's witnesses, the prior accusation by DS, and possibly the complainants' written statements. Appellant's

---

[4] Several Texas courts have held the failure to seek a continuance on untimely disclosure of exculpatory evidence waives any *Brady* violation. *See, e.g., Taylor v. State*, 93 S.W.3d 487, 502 (Tex.App.--Texarkana 2002, pet. ref'd). These opinions rely at least in part on *Yates v. State*, 941 S.W.2d 357, 364 (Tex.App.--Waco 1997, pet. ref'd). A majority of the Waco Court of Appeals recently rejected the rationale of *Yates* in *Moore v. State*, 143 S.W.3d 305, 316 (Tex.App.–Waco 2004, pet ref'd) (op. on rehearing). Our disposition of this appeal does not require us to address the State's argument that appellant waived any *Brady* violations for late-disclosed evidence by not seeking a continuance.

5

argument does not identify any state's witness who had a criminal record which was not disclosed. Nor does his argument explain how the report of DS of another offense committed against her would be exculpatory where that report resulted in a guilty plea. *Cf. Lopez v. State*, 18 S.W.3d 220 (Tex.Crim.App. 2000) (addressing admissibility of complainant's previous false allegations of abuse by third person); *Igo v. State*, No. 07-02-0484-CR (Tex.App.–Amarillo November 30, 2004, pet. granted) (assuming statement of mother to police that daughter made false allegations in the past was subject to disclosure under *Brady*). Finally, appellant's argument ignores the fact he was acquitted of the charge related to DS.

Appellant's argument that the written statements of the complainants were *Brady* material is limited to the assertion they "contained substantial inconsistencies" and a citation to the exhibits volume of the reporter's record. The argument falls short of the requirement of Rule of Appellate Procedure 38.1(h) for "a clear and concise argument for the contentions made," with appropriate citations to the record. In our review of the record we note that during his argument to the trial court concerning the asserted *Brady* violations, trial counsel emphasized that AR's video-taped statement alleged two incidents while her written statement and audio-taped statement recounted only one incident. As the State's brief points out, however, appellant's counsel played AR's audio-taped statement in front of the jury and cross-examined her extensively about inconsistencies in her statements. It thus appears appellant was able to make effective use of the materials delivered to counsel shortly before trial. That conclusion is buttressed by appellant's conviction of the lesser included offense of indecency with a child against AR rather than the charged

6

offense of aggravated sexual assault. We find that prejudice from an untimely disclosure of the statements has not been shown.  *See Wilson*, 7 S.W.3d at 146.

Appellant has failed to show his due process rights were violated by the State's failure to disclose information required by *Brady*.  For that reason, as well as for the reason the record reflects no motion for a continuance or mistrial, we overrule appellant's points of error in each appeal and affirm the trial court's judgments.

James T. Campbell
Justice

Do not publish.