**AFFIRM; Opinion Filed June 27, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00632-CR**

**CARLNELUS DELANEY SIMMONS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-62484-Q**

## OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Evans

A jury convicted Carnelus Delaney Simmons of injury to a child and sentenced him to ninety-nine years' imprisonment. He complains in two issues that the evidence against him is legally insufficient to support his conviction and the trial court erred in denying his request for a jury instruction on the issue of involuntary conduct. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

Appellant was responsible for looking after the sixteen-month-old complainant and his nearly three-year-old brother while the boys' mother was at the hospital seeking treatment for a urinary tract infection. At 11:49 p.m., appellant called 911 saying that the complainant had been burned while he was cooking in the kitchen. While appellant relayed instructions from the 911 operator, the child's mother and friends tried to care for the complainant. Paramedics rushed the

toddler to the hospital. He had third degree burns on about thirty percent of his body. Thirty-six days after his admission to the hospital, the child died of complications from the burns.

The complainant had burns on his legs up to his waist, but the burns were more significant on his lower legs below the knee. He had some burns on the back of both thighs, around his groin, on his right buttock, the bottom of both his feet, and his right hand. He had a small burn around part of his waist. He had no burns on his head, face, or shoulders, but the area of his left cheek and ear was bruised. It appeared that the burns were already a few hours old by the time the complainant arrived at the hospital.

A recording of appellant's 911 call was admitted into evidence. In the recording, appellant states that he was heating up some water on the stove and when he turned around, "the water's so hot it hit him and all his skin is coming off." He later states that he had been boiling water on the stove and did not realize that his "baby son" was behind him. He claims that when he turned around he did not see the complainant and "all the water spilled on him."

Three doctors who treated the complainant while he was hospitalized, two of whom are board certified in child abuse pediatric medicine, testified for the State. All three stated that the nature of the burns indicated that the complainant had been immersed in a hot liquid and that the burns were not accidental. In the doctors' opinion, it appeared the toddler had been immersed in the liquid wearing a diaper, which leaked a little causing the burn to his buttock, and had folded his body into a fetal position to protect himself. The doctor who performed the autopsy also concurred in this assessment.

A pediatrician who testified for the defense claimed that, based on the case documents he reviewed, the burns appeared to be of an accidental nature caused by water splattering on the child. The doctors who had cared for the toddler disagreed.

The complainant's mother testified that appellant often cooked for the family. She said that when she got to the house after appellant called 911, everything in the kitchen was laid out like he was getting ready to prepare a meal. A police officer who photographed the scene identified a box of Hamburger Helper sitting out in one of the photographs and a package of pork chops sitting on top of the kitchen refrigerator. Photographs of the kitchen admitted into evidence showed a towel on the floor near the stove and a large pot on the stove with a small amount of water in it.

## ANALYSIS

### I. Legal Sufficiency of the Evidence

In his first issue, appellant claims the evidence against him is legally insufficient to prove he intentionally or knowingly caused the complainant's injuries. He argues that the expert testimony offered by the defense combined with the evidence of his making a meal and his attempts to help the child show that no rational jury could have found his actions to have been intentional. We disagree.

In a legal sufficiency review, we apply well-established standards. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). We view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Vodochodsky v. State,* 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). The jury, as sole judge of the witnesses' credibility and the weight to be given their testimony, is free to accept or reject any or all of the evidence presented by either side. *Jones v. State*, 333 S.W.3d 615, 620 (Tex. App.—Dallas 2009, pet. ref'd). Here, viewed in the light most favorable to the verdict, the evidence shows appellant was the sole caretaker of the sixteen-month-old complainant when the child sustained burns that were determined by multiple medical witnesses to be intentional

immersion burns that ultimately caused the child's death. The evidence is legally sufficient. We resolve appellant's first issue against him.

## II. Error in Denying Appellant's Request for an Instruction on Involuntary Conduct

Appellant next complains that the trial court erred when it denied his request for a jury instruction on the issue of involuntary conduct. He argues that he was entitled to such an instruction because his defense at trial was that he had injured the complainant accidentally when the toddler "came up from behind and startled him . . . somehow caus[ing] Appellant to accidentally spill and splash the scalding water" on him. A defendant is entitled, upon timely request, to an instruction on any defensive issue raised by the evidence if (1) the defendant timely requests an instruction on that specific theory and (2) the evidence raises the defensive issue. *Rogers v. State*, 105 S.W.3d 630, 639 (Tex. Crim. App. 2003).

When a person claims the involuntary-act defense he concedes that his own body made the motion but denies responsibility for it. Voluntariness, within the meaning of section 6.01(a) of the Texas Penal Code, refers only to one's own physical body movements. *Trujillo v. State*, 227 S.W.3d 164, 169 (Tex. App. (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). If those movements are the nonvolitional result of someone else's act, are set in motion by some independent non-human force, are caused by a physical reflex or convulsion, or are the product of unconsciousness, hypnosis or other nonvolitional impetus, then the movements are not voluntary. Therefore, an instruction on voluntariness is necessary only if the defendant admits committing the act charged and seeks to absolve himself from criminal responsibility for engaging in the conduct. *Id*.

Appellant argues, with no citation to the record, that the evidence in this case "raises the issue of whether Appellant's physical movement resulting in the water contacting [the complainant] was voluntary or involuntarily caused by the startle reflex." He offers no further

argument to explain his position that evidence at trial showed the child's burns were caused by his physical reflex, rather than a voluntary act. Because appellant failed to adequately brief this issue, it is waived for appeal. *See* TEX. R. APP. P. 38.1(h).

Furthermore, there is nothing in appellant's comments to the 911 operator that demonstrates the complainant was burned due to appellant's physical reflex, rather than his reactionary choice. His comments to the 911 operator do not explain how the water spilled onto the toddler—they merely relate that he was boiling water, he did not see the child behind him, and somehow the child was burned to the point that his skin started peeling off. Appellant's statements fail to detail how an intervening event rendered his actions involuntary. *See Sparks v. State*, 68 S.W.3d 6, 13 (Tex. App.—Dallas 2001, pet. ref'd), *abrogated on other grounds*, *Guzman v. State*, 85 S.W.3d 242 (Tex. Crim. App. 2002). A claim of accident is not the equivalent of the absence of any voluntary act under penal code section 6.01(a). *Rogers*, 105 S.W.3d at 638. Nor is conduct rendered involuntary merely because the accused did not intend the result of his conduct. *See id.* Appellant's incomplete description of the offense did not merit a jury instruction on the issue of voluntariness. We resolve his second issue against him.

We affirm the trial court's judgment.

DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120632F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARLNELUS DELANEY SIMMONS,
Appellant

No. 05-12-00632-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-62484-Q.
Opinion delivered by Justice Evans.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of June, 2013.

/David Evans/
DAVID EVANS
JUSTICE